In the Matter of THE MINISTER, ELDERS AND DEACONS OF THE REFORMED PROTESTANT DUTCH CHURCH OF THE CITY OF NEW YORK, Petitioner,. against MUNICIPAL COURT OF THE CITY OF NEW YORK, BOROUGH OF MANHATTAN, et al., Respondents.

Supreme Court, Special Term, New York County, September 24, 1945.

*Lord, Day & Lord* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Conrad A. Johnson* of counsel), for Abram Goodman, as Justice of the Municipal Court of the City of New York, respondent.

*Schief, Dorfman, Stein & Brof* for 123 William Street Corporation, respondent.

HAMMER, J. The petitioner applies for an order of prohibition directed against a Justice of the Municipal Court and the petitioner's tenant to prevent any adjudication by the said Justice in a proceeding in the Municipal Court now pending and undetermined. Heretofore the petitioner instituted a summary proceeding to dispossess the tenant, based on the failure of the tenant to pay rentals and taxes that were payable by it under the terms of its lease with the petitioner, which proceeding resulted in a final order in favor of the tenant. On appeal to the Appellate Term, December Term, 1944, said final order was reversed " and final order directed for the landlord, with costs." The order was entered January 9, 1945. (53 N. Y. S. 2d 302.)

The remittitur was returned to the Municipal Court, where it was filed by the clerk, who thereupon, on January 18, 1945, entered the order of the Appellate Term as the order of the Municipal Court and on the same day issued a warrant of dispossess which was executed by the City Marshal. The landlord was put into possession of the premises on January 19, 1945. On January 20th the landlord applied to the Municipal Court after notice had been given to the tenant to tax the costs, which taxation was had and the amount inserted in the judgment roll on that date, no one appearing in opposition.

The tenant moved for a reargument of the appeal or, in the alternative, for leave to appeal to the Appellate Division, on January 11, 1945, which order was denied, with $10 costs, on

January 16, 1945 (N. Y. L. J., Jan. 17, 1945, p. 215, col. 3). Thereupon the tenant applied to the Appellate Division for leave to appeal from the determination of the Appellate Term, which was denied on February 19, 1945 (N. Y. L. J., Feb. 20, 1945, p. 671, col. 5). Thereafter the tenant further moved to renew its motion for leave to appeal from the determination of the Appellate Term and that such leave be granted for the purpose of modifying and correcting said Appellate Term order, which application was in all respects denied, with $10 costs.

On May 7, 1945, the tenant moved in the Municipal Court to vacate and set aside the warrant of dispossess theretofore issued on January 18, 1945, and to vacate and set aside the judgment for costs entered January 20th. The grounds urged were that no final order was ever entered in the proceeding nor any determination made as to the amount due the landlord. The motion also asked that the proceeding be set down for hearing to determine the amount due the landlord, and for the entry of a final order in favor of the landlord fixing the amount due, and for other and further relief.

The tenant contends that although there was a determination of the Appellate Term and an order entered thereon, that order was not the final order terminating the proceeding, as required by the statute, and the motion was proper to allow the Municipal Court to fix the exact sum due, to enable the tenant to pay same under such conditions as the Municipal Court might provide. (This contention and the relief sought thereunder had been presented to the Appellate Division on the second application before that court, where the relief was denied, but they were never presented to the Appellate Term.) The landlord opposed on various grounds, *inter alia,* that the Municipal Court had no jurisdiction to entertain tenant's motion of May 7, 1945, as the order of the Appellate Term, entered in the Municipal Court by its clerk in accordance with the accepted practice of long standing, was the final order in the dispossess proceeding, that a warrant of dispossess, had thereupon, was issued and executed and the tenant dispossessed, that the landlord had entered into possession and had paid the arrearages of taxes, which had been the tenant's obligation, with money the landlord was required to borrow for that purpose.

While the tenant's said motion was pending and undecided, the landlord brought this application for an order of prohibition. The first question to be determined is whether the Municipal Court has power to change, alter or amend the determination of the Appellate Term of the Supreme Court, as embodied in

its order. It seems obvious that it has no such power. Section 625 of the Civil Practice Act provides: " The order of the supreme court, whether at an appellate term or otherwise, made upon an appeal from an inferior or local court, shall be entered in the office of the clerk of the county wherein the court below is located. A certified copy of the order of the supreme court, together with the papers upon which the appeal was heard, shall be transmitted to the clerk of the court from which the appeal was taken. The judgment, if any, rendered or directed pursuant to the order of the supreme court, shall be entered by the clerk to whom the certified copy of such order and the papers are so transmitted; and the certified copy of such order, the judgment entered thereon, and the papers transmitted, shall constitute the judgment-roll and remain on file in the office of such clerk."

Section 626 provides: " The provisions of law relating to an appeal to the appellate division in an action in the supreme court and to subsequent proceedings thereupon, apply to an appeal taken to the supreme court, at an appellate term or otherwise, or to the appellate division from an inferior or local court, in an action, except as otherwise provided by law."

The determination of the Appellate Term could not in any manner be changed by the Municipal Court. The order by the Appellate Term was the final order in the dispossess proceeding. It was properly entered by the clerk of the lower court, and the clerk's actions in issuing the warrant and taxing costs were merely ministerial. (See *Kirkpatrick Home for Childless Women* v. *Kenyon,* 209 App. Div. 179.)

The rights of the parties after the remittitur of an appellate court has been returned to a lower court are set forth in Nichols-Cahill Annotated Civil Practice Acts (Vol. 7), under section 606 (p. 328), (the practice in respect of the Court of Appeals being the practice prescribed for all appellate courts): " If the remittitur is erroneous in any respect, or if there is any uncertainty as to the effect of the language employed, the remedy is by an application to the Court of Appeals to amend it. The lower court has no power to vary its terms. An unnecessary amendment of the remittitur will not be allowed.

" The proceedings in the court below after the filing of the remittitur are governed by the terms of that instrument. Such remittitur is the mandate of the Court of Appeals to the court to which it is returned, and the authority for the order or judgment to be entered by it. Whatever the Court of Appeals has ordered must be done, and its directions must be strictly followed.

"The judgment or order entered by the lower court on a remittitur must conform strictly to the remittitur, and it cannot afterwards be set aside or modified by the lower court, except as directed by the Court of Appeals. The judgment of the Court of Appeals must be made the judgment of the lower court, and the Supreme Court is powerless to change it. It cannot add any new and independent direction beyond what may be required to carry that judgment into effect, or any new or further judgment, even for costs of the appeal to that court. Neither can the lower court correct alleged errors in the findings of fact or amend by making additional findings." (See the citations noted in Nichols-Cahill Annotated Civil Practice Acts under the above section.)

For the reasons above set forth, the Municipal Court has no power to change the order of the Appellate Term, which, entered and acted upon in the Municipal Court, is the final order in the dispossess proceeding.

The only other question presented is whether or not this court should, as the landlord seeks, prohibit action in the Municipal Court or let the tenant's motion of May 7, 1945, remain there for determination and cure any possible error on appeal. The writ of prohibition has never been governed by narrow technical rules but may be resorted to as a convenient method of exercising a wholesome control over inferior tribunals (*Quimbo Appo* v. *The People,* 20 N. Y. 531, 542). While the remedy is an extraordinary one, it lies within the sound discretion of the court. "Although ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction * * * it may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction. * * * The writ does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal. * * * It is not available ordinarily as a method of premature appeal. Nevertheless, where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal." (*Matter of Culver Contrg. Corp.* v. *Humphrey,* 268 N. Y. 26, 39-40 [1935].)

The Municipal Court, being clearly without any power to change the determination of the Appellate Term, has indicated here that it will entertain the tenant's motion. Under the circumstances, the order of prohibition is properly sought and should be granted. Settle order.