■ ACCIDENT CLAIMS DETERMINATION CORP. et al., Appellants-Respondents, v MURRAY DURST et al., Defendants, and MATERIAL DAMAGE ADJUSTMENT CORP. et al., Respondents-Appellants. [638 NYS2d 69] —Order, Supreme Court, Nassau County (Gabriel Kohn, J.), entered September 2, 1994, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint to the extent of dismissing only those portions of causes of action two through ten which seek relief with respect to plaintiffs' conduct of independent medical examinations, unanimously affirmed, without costs.

Plaintiffs, a corporation and its principals, were engaged in the illegal practice of medicine, in contravention of Education Law § 6512 (1), by brokering medical services, in that they selected and hired doctors to conduct medical examinations without obtaining the appropriate agency licenses, and then split the fees with those physicians (*see, State of New York v Abortion Information Agency*, 37 AD2d 142, *affd* 30 NY2d 779). Plaintiffs do not fall within the exemption granted to insurance companies, since their corporation was an entity separate and distinct from the insurance company with which they had contracted to perform the medical examinations (*see, supra*). Plaintiffs' performance of the medical examinations was therefore illegal, and their claims arising from those actions are not enforceable (*see, United Calendar Mfg. Corp. v Huang*, 94 AD2d 176, 180).

There are questions of fact, however, as to whether plaintiffs' other activities, such as conducting audits of hospital statements and doctors' bills, are severable from the prohibited medical examinations, and thus, the IAS Court properly denied summary judgment with respect to those claims (*see, Artache v Goldin*, 133 AD2d 596, 599). Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Williams, JJ.