■ MARY A. HYNES et al., Appellants-Respondents, v CHRISTOPHER T. GRIEBEL, Respondents-Appellants. [754 NYS2d 293] —In an action, inter alia, to recover damages for fraud, breach of contract, and unjust enrichment, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated November 14, 2001, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (5) and (7) which were to dismiss the first, third, and ninth causes of action, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion which were to dismiss the second, fourth, seventh, and eighth causes of action.

Ordered that the order is modified by (1) deleting the provision thereof granting those branches of the motion which were to dismiss the first and ninth causes of action and substituting therefor provisions denying those branches of the motion, (2) deleting the provision thereof denying that branch of the motion which was to dismiss the second cause of action and substituting therefor a provision granting that branch of the motion, and (3) deleting the provision thereof granting that branch of the motion which was to dismiss so much of the third cause of action as alleged intentional infliction of emotional distress and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiffs.

Upon a motion to dismiss a complaint pursuant to CPLR 3211 (a), the pleading is to be afforded a liberal construction, and the court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88; CPLR 3026, 3211 [a]).

The Supreme Court found that the first cause of action failed

to sufficiently plead breach of contract, because the alleged contract, which was for the care of the plaintiff Adelheid Griebel (hereinafter Adelheid) by the defendants, was barred by the statute of frauds. However, the statute of frauds concerns only those agreements "which by their very terms have absolutely no possibility in fact and law of full performance within one year" (*D & N Boening v Kirsch Beverages,* 63 NY2d 449, 454). Thus, "[w]herever an agreement has been found to be susceptible of fulfillment within that time, in whatever manner and however impractical," the one-year provision of the statute is inapplicable, and the agreement is not barred (*D & N Boening v Kirsch Beverages, supra* at 455). Here, the alleged agreement could be terminated if Adelheid needed nursing home care or chose to move out of the defendants' home within one year. Accordingly, the contract, as it was pleaded, was not barred by the statute of frauds, and the breach of contract cause of action should not be dismissed.

However, the second cause of action, which alleged that the defendants induced Adelheid to reside with them through fraudulent representations that they would care for her, should have been dismissed because "where, as here, a claim to recover damages for fraud is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie, and the plaintiff is consigned to his breach of contract claim" (*Sforza v Health Ins. Plan of Greater N.Y.,* 210 AD2d 214 [internal quotation marks omitted]).

The third cause of action, to the extent that it alleged intentional infliction of emotional distress, should not be dismissed, as it was adequately pleaded. In addition, the ninth cause of action sufficiently alleged a breach of the brokerage contract between Adelheid and defendant Kym Griebel.

The parties' remaining contentions are without merit. Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.