■ KEVIN GLASSMAN, Respondent, v PROHEALTH AMBULATORY SURGERY CENTER, INC., et al., Appellants. [806 NYS2d 648]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), entered February 5, 2004, as denied those branches of their motion which were for leave to amend the answer to include counterclaims, among other things, to recover damages for breach of the employment contract, conversion, money had and received, unjust enrichment, and fraud, and to add a claim for punitive damages, and (2) an order of the same court entered May 26, 2004, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered February 5, 2004, is dismissed, as the portions of the order appealed from were superseded by the order entered May 26, 2004, made upon reargument; and it is further,

Ordered that the order entered May 26, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

While leave to amend an answer to include a counterclaim should be liberally granted (see CPLR 3025 [b]), such leave should be denied where, as was the case with several of the proposed counterclaims here, the counterclaim is "palpably insufficient as a matter of law or is totally devoid of merit" (Hartford Cas. Ins. Co. v Vengroff Williams & Assoc., 306 AD2d 435, 436 [2003]). Indeed, while the defendants sought permission to assert a counterclaim to recover damages for the plaintiff's alleged breach of a provision in the employment agreement which, in essence, provided that the plaintiff, an anesthesiologist, turn over to the defendant ProHealth Ambulatory Surgery Center, Inc. (hereinafter ProHealth ASC), fees earned for anesthesiology services that were performed outside of its ambulatory surgical center, such a provision is illegal and unenforceable. It enables ProHealth ASC, which was only authorized to provide certain medical services at its center (see 10 NYCRR 401.2 [b]), to obtain fees for medical services that it was never authorized to provide (see Accident Claims Determination Corp. v Durst, 224 AD2d 343 [1996]; cf. Education Law § 6512 [1]; Schorr v Bernarr Macfadden Found., 5 AD2d 151 [1958]; Accetta v Zupa, 54 App Div 33 [1900]). Moreover, since some of the other proposed counterclaims were duplicative of this proposed counterclaim (see Hynes v Griebel, 300 AD2d 628 [2002]; Hassett-Belfer Senior Hous. v Town of N. Hempstead, 270 AD2d 306 [2000]), they are likewise palpably insufficient as a matter of law or totally devoid of merit (see Hartford Cas. Ins. Co. v Vengroff Williams & Assoc., supra at 436).

The defendants' remaining contentions are either without merit or do not require reversal. H. Miller, J.P., Luciano, Dillon and Covello, JJ., concur.