■ JACKSON HEIGHTS CARE CENTER, LLC, Doing Business as REGAL HEIGHTS REHABILITATION AND HEALTH CARE CENTER, Respondent, v JOSEPH L. BLOCH, Appellant. [833 NYS2d 581]—

In an action, inter alia, to recover damages for breach of a settlement agreement, the defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered April 21, 2005, as granted the plaintiff's motion for summary judgment on the complaint and denied his cross motion for leave to amend his answer to add the affirmative defense of absolute privilege, and (2) from an order of the same court entered January 20, 2006, which denied his motion, treated as one for leave to reargue, but which was, in actuality, one for leave to renew his opposition to the plaintiff's prior motion for summary judgment.

Ordered that the order entered April 21, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the order entered January 20, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant was the administrator of a nursing home facility owned and operated by the plaintiff. In February 2003, as part of a severance package following the termination of the defendant's employment, the parties executed a settlement agreement (hereinafter the agreement) prohibiting the defendant from disclosing information regarding the plaintiff's business operations except "pursuant to lawfully issued process." The agreement also provided for liquidated damages in the sum of $75,000 in the event of a breach of certain portions of the agreement, including the nondisclosure clause.

In May 2003, in litigation between Modern Diagnostic Laboratory, Inc. (hereinafter Modern Diagnostic), and the plaintiff, counsel for Modern Diagnostic requested that the defendant voluntarily meet with his client in lieu of being served with a subpoena, attaching a copy of an unserved subpoena with the request. The defendant agreed and, as part of motion practice by Modern Diagnostic, swore to an affidavit revealing details of the plaintiff's business operations.

The plaintiff commenced this action against the defendant, alleging that he violated the agreement by disclosing its business operations to Modern Diagnostic without having been served with "lawfully issued process." The plaintiff moved for summary judgment on the complaint and the defendant cross-moved for leave to amend his answer to add the affirmative defense of absolute privilege. The Supreme Court granted the plaintiff's motion, awarded liquidated damages pursuant to the agreement, and denied the defendant's cross motion. The defendant moved for leave to renew based upon the plaintiff's subsequent settlement of its litigation with Modern Diagnostic

for the sum of $100,000. The Supreme Court denied the motion, treating it as one for reargument. The defendant appeals from both orders.

When interpreting a contract, a court determines the intent of the parties from within the four corners of the contract, giving full effect to the plain meaning of the language used and the parties' reasonable expectations (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp.,* 17 AD3d 612 [2005]). A contract is considered to be clear and unambiguous where the language used has "a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion" (*Breed v Insurance Co. of N. Am.,* 46 NY2d 351, 355 [1978]).

The plaintiff established its prima facie entitlement to summary judgment on the complaint based upon the breach by the defendant of the nondisclosure provision. The subpoena at issue was not "lawfully issued process" pursuant to the agreement which compelled the defendant's disclosures to Modern Diagnostic. Legal process is designed to compel or demand that a party act or refrain from acting (*see Williams v Williams,* 23 NY2d 592, 596 [1969]; *see also* CPLR 2301). Although counsel for Modern Diagnostic mailed to the defendant a letter with a copy of a subpoena, the content of counsel's letter clearly indicated that the subpoena was not being served at that time. Therefore, the defendant was not compelled to disclose the information pursuant to lawfully issued process, and violated the agreement by disclosing the plaintiff's business information in a private meeting with counsel for Modern Diagnostic. In opposition, the defendant failed to raise a triable issue of fact as to whether he violated the nondisclosure provision of the agreement (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Contrary to the defendant's argument, the Supreme Court properly determined that the liquidated damages clause was enforceable. It is well established that whether a clause "represents an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances" (*JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d 373, 379 [2005]). The party who contests the liquidated damages clause must demonstrate either that "damages flowing from [the breach of the confidentiality provision] were readily ascertainable at the time [the plaintiff and the defendant] entered into [the agreement] or that [liquidated damages are] conspicuously disproportionate to

these foreseeable losses" (*id.* at 380). Here, the defendant failed to make such showings (*see Bates Adv. USA, Inc. v 498 Seventh, LLC,* 7 NY3d 115, 120 [2006]; *Crown IT Servs., Inc. v Koval-Olsen,* 11 AD3d 263, 266 [2004]).

The Supreme Court providently exercised its discretion in denying the defendant's cross motion for leave to amend his answer to add the affirmative defense of absolute privilege. Although leave to amend pleadings should be liberally granted, where, as here, the proposed amendment is insufficient as a matter of law or is completely without merit, leave to amend should be denied (*see* CPLR 3025 [b]; *Morton v Brookhaven Mem. Hosp.,* 32 AD3d 381 [2006]; *Glassman v ProHealth Ambulatory Surgery Ctr., Inc.,* 23 AD3d 522, 523 [2005]).

Although the Supreme Court incorrectly treated the defendant's motion as one for leave to reargue instead of one for leave to renew, the court providently exercised its discretion in denying the motion. A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]; *see Renna v Gullo,* 19 AD3d 472, 473 [2005]; *Kaufman v Kunis,* 14 AD3d 542 [2005]). Here, although the $100,000 settlement in the Modern Diagnostic litigation by the plaintiff occurred about six months after the Supreme Court granted the plaintiff's motion for summary judgment in this action, this fact would not have changed the court's determination that the liquidated damages clause was not conspicuously disproportionate to the plaintiff's foreseeable losses (*see JMD Holding Corp. v Congress Fin. Corp., supra* at 380). Therefore, the defendant's motion for leave to renew was properly denied.

The defendant's remaining contentions are without merit. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.