KEVIN GLASSMAN, Respondent, v PRO HEALTH AMBULATORY SURGERY CENTER, INC., et al., Appellants. [865 NYS2d 295]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered March 12, 2007, which, among other things, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $754,825.

Ordered that the judgment is affirmed, with costs.

The defendant Pro Health Ambulatory Surgery Center, Inc. (hereinafter PASC), operates an ambulatory surgery center. It entered into a written agreement with the plaintiff Kevin Glassman, employing him as Director of Anesthesiology and Medical Director. The agreement provided, inter alia, for various compensation and "severance" pay should the plaintiff be terminated without "just cause," which was defined in the agreement. The plaintiff, alleging that he was terminated without just cause, commenced this action, inter alia, to recover compensation and severance pay allegedly owed pursuant the agreement. The defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the agreement was illegal and unenforceable. The defendants' motion was based on a prior determination that a provision of the agreement which stated that PASC would share in fees earned for anesthesia services performed outside of its ambulatory surgical center was illegal and unenforceable because it violated PASC's certificate of operation, which limited PASC's authority to provide medical services to its surgical center only (see Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 23 AD3d 522 [2005]). The defendants argued that the illegal and unenforceable provision tainted the entire agreement and rendered it wholly unenforceable. The Supreme Court denied such relief, severing the illegal and unenforceable provision of the agreement. After a nonjury trial, the Supreme Court, inter alia, found that the plaintiff had been terminated without just cause and awarded damages pursuant to the agreement. We affirm.

The defendants argue that the Supreme Court erred in failing to find the entire employment agreement illegal and unenforceable, in not dismissing the complaint prior to trial, or in not finding a question of fact as to the agreement. This argument is without merit. Where an agreement consists in part of an unlawful objective and in part of lawful objectives, a court may sever the illegal aspects of the agreement and enforce the legal ones, so long as the illegal aspects are incidental to the legal aspects and are not the main objective of the agreement (see Artache v Goldin, 133 AD2d 596 [1987]). Here, the main and lawful objectives of the agreement, as established by its plain terms, were for the plaintiff to develop and administer an on-site anesthesia practice and provide anesthesia services, and to coordinate the operating and recovery room staff, and the operating room schedule. Indeed, other than the mention of fees for "professional anesthesia services performed at locations other than [PASC's surgical center]" made in the fee sharing

provision of the agreement found to be illegal and unenforceable, there is no mention in the agreement of anesthesia services to be performed off-site. In support of the motion for summary judgment, the defendants failed to demonstrate, prima facie, that the sharing of fees for anesthesia services performed off-site was the sole objective or a main objective of the agreement, or raise a triable issue as to the same. Thus, the Supreme Court did not err in denying the defendants' motion.

Finally, although the plaintiff's agreement was with PASC, the Supreme Court did not err in piercing the corporate veil and holding both defendants liable for the judgment (see *John John, LLC v Exit 63 Dev., LLC,* 35 AD3d 540 [2006]; *Rivera v Citgo Petroleum Corp.,* 181 AD2d 818, 819 [1992]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.