[872 NYS2d 111]

Mark Hotel LLC, Respondent, v Madison Seventy-Seventh LLC, Appellant.

First Department, February 3, 2009

APPEARANCES OF COUNSEL

*Paul, Weiss, Rifkind, Wharton & Garrison LLP*, New York City (*Moses Silverman, Maria H. Keane* and *Matthew T. Insley-Pruitt* of counsel), for appellant.

*Kramer Levin Naftalis & Frankel LLP*, New York City (*Jeffrey L. Braun, Natan M. Hamerman, Jessica J. Glass, Erin E. Oshiro* and *Jared I. Heller* of counsel), for respondent.

## OPINION OF THE COURT

DeGrasse, J.

Plaintiff and defendant are the respective successors of the tenant and the landlord under a 150-year lease executed in 1981. The demised premises, known as the Mark Hotel, are located at 25 East 77th Street in Manhattan. Pursuant to the lease and by letter dated December 1, 2006, plaintiff requested defendant's consent to a proposed renovation of the hotel that would encompass the conversion of a portion of the premises into cooperative hotel units. Under the lease, the landlord's consent to structural alterations must be requested but cannot be unreasonably withheld. Plaintiff thus enclosed a set of plans prepared by its architect with the letter. Having received no response, plaintiff again requested defendant's consent by a follow-up letter dated December 20, 2006. A letter the next day to plaintiff from defendant's attorney reads, in part, as follows:

> "Your letters make reference to the conversion of a portion of The Mark Hotel to cooperative hotel units. Please be advised that under the terms of the Lease the tenant thereunder is not permitted to convert any portion of the premises demised thereunder to cooperative hotel units. As soon as you confirm that you have no intention of converting all or any portion of the subject premises to cooperative hotel units, the landlord would be pleased to review any renovation plans that you may submit with respect to The Mark Hotel."

Defendant never commented on, objected to or questioned the architectural plans. Accordingly, on or about January 10, 2007, plaintiff advised defendant that the attorney's letter was not responsive to its request for consent because the form of ownership of the hotel units is unrelated to the proposed physical

renovations set forth in the architect's plans. Plaintiff also disputed defendant's claim that the lease's use clause prohibits cooperative ownership of the hotel's units.

Article fortieth, section 7 of the lease provides:

> "Whenever the Lessor's consent or approval is requested by the Lessee under this Lease and whenever such consent or approval is not to be unreasonably withheld pursuant to the terms of this Lease and, if the Lessor does not respond to the Lessee's request within 15 days after receipt of such request, then the Lessee shall have the right to send a second request to the Lessor and, if the Lessor fails to respond to such second request within five days after its receipt, the consent or approval of the Lessor so requested shall automatically and conclusively be deemed to have been given."

Plaintiff thereupon closed the hotel and commenced the renovation after obtaining the necessary work permits from the New York City Department of Buildings (DOB). Plaintiff applied for the work permits as an owner of the premises. On or about March 7, 2007, defendant served plaintiff with a notice of default, citing the latter's (a) undertaking of partial conversion of the hotel to cooperative occupancy in alleged violation of article fifth of the lease; (b) commencement of alterations to the premises without defendant's consent, in alleged violation of article thirty-fourth of the lease; and (c) filing of an allegedly false application by which plaintiff held itself out to DOB as an owner of the hotel, in violation of applicable law and article ninth of the lease. The three instant causes of action for declaratory relief relate specifically to the claims set forth in defendant's notice of default. The IAS court granted plaintiff's motion for summary judgment, denied defendant's cross motion for the same relief (18 Misc 3d 1116[A], 2008 NY Slip Op 50098[U]), and denied defendant's motion for leave to submit additional papers after the hearing date of the said motions. Defendant appeals and we now affirm.

Article fifth, the lease's use clause, provides in pertinent part:

> "The Lessee covenants and agrees that it will not use or occupy the leased premises, or permit the said premises to be used or occupied for other than a luxury hotel (including a cooperative or condominium hotel such as the Hotel Caryle [*sic*]) and for all operations and uses incidental to and/or customarily

found in connection with such hotel use (including but not limited to restaurants, retail stores, professional offices and transient or permanent residential uses) or for a purpose or in a manner likely to cause structural or other injury to any building erected on the premises, or in a manner which shall violate any certificate of occupancy in force relating to any building thereon situated."

The core issue on this appeal is whether the phrase "cooperative or condominium hotel" in the first parenthetical enumerates examples of permitted or prohibited uses of the premises. We hold that the language quoted above unambiguously permits the use of the premises as a cooperative hotel. In support of its argument for a contrary construction, defendant cites the Condominium Act (Real Property Law § 339-f [1]), which applies to property for which a condominium declaration is executed and recorded. Subject to exceptions that do not apply here, "property" denotes ownership in fee simple absolute (Real Property Law § 339-e [11]). "A greater estate or interest does not pass by any grant or conveyance, than the grantor possessed· or could lawfully convey, at the time of the delivery of the deed" (Real Property Law § 245). Hence, the use clause is at odds with the Condominium Act insofar as it implicitly provides for the lessee's conveyance of a condominium unit or units in fee simple. A cooperative interest, on the other hand, entails the ownership of stock in a cooperative corporation that grants a proprietary lease (*see Frisch v Bellmarc Mgt.*, 190 AD2d 383, 387 [1993]). Therefore, the use of the premises as a cooperative hotel would not violate the Condominium Act. Defendant urges, however, that the lease should be read to prohibit both uses by reason of the legal impossibility of a condominium hotel. Such a result is unwarranted.

> "Where an agreement consists in part of an unlawful objective and in part of lawful objectives, a court may sever the illegal aspects of the agreement and enforce the legal ones, so long as the illegal aspects are incidental to the legal aspects and are not the main objective of the agreement" (*Glassman v Pro Health Ambulatory Surgery Ctr., Inc.*, 55 AD3d 538, 539 [2008], *lv dismissed* 11 NY3d 884 [2008]).

Indeed, article fortieth, section 6 of the lease provides: "If and to the extent that a provision of this Lease shall be unlawful or contrary to public policy, the same shall not be deemed to invalidate the other provisions of this Lease." Moreover, as

noted above, a residential cooperative interest involves a leasehold as opposed to ownership in fee (*Frisch*, 190 AD2d at 387). Therefore, the use of the premises as a cooperative hotel would be consistent with article twenty-eighth, section 2 of the lease, which permits the lessee to sublet the hotel's dwelling units and rooms.

The issue of whether plaintiff violated the lease by commencing alterations without defendant's consent was correctly resolved in plaintiff's favor. Defendant did not object to the work set forth in the architectural plans within the 15-day period after it received plaintiff's first request for consent or the five-day period following receipt of the second, and therefore, by operation of article fortieth, section 7, is deemed to have consented to the renovation proposed by plaintiff.

While plaintiff's motion and defendant's cross motion for summary judgment were sub judice, defendant moved the IAS court for leave to supplement the record with purported newly discovered proof that the renovation work being performed by plaintiff exceeded the scope of the submitted plans. The court did not abuse its discretion by deciding the summary judgment motions before the hearing date of the motion for leave to supplement the record, rendering the latter moot.*

There is no merit to defendant's claim that plaintiff filed a false application for a work permit by holding itself out to DOB as an owner of the hotel. Pursuant to Administrative Code of the City of New York § 27-151, an application for a permit may be made by the owner or lessee of a building. Administrative Code § 27-232 defines an "owner" as a "person having legal title to premises . . . or any other person having legal ownership or control of premises." Accordingly, plaintiff qualifies as an owner by virtue of its lease of the entire premises. Defendant's remaining arguments have been considered, and they lack merit.

For the foregoing reasons, the order of Supreme Court, New York County (Emily Jane Goodman, J.), entered January 9, 2008, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, and the order of the same court and Justice, entered January 23, 2008, which denied defendant's motion to supplement the

---

* Defendant could have moved for leave to renew if its newly discovered proof was dispositive and could not have been submitted to the court upon the hearing of the original motion and cross motion (*see* CPLR 2221 [e]).

record on the previously decided summary judgment motions, should be affirmed, with costs.

LIPPMAN, P.J., ANDRIAS, SAXE and SWEENY, JJ., concur.

Order, Supreme Court, New York County, entered January 9, 2008, and order, same court, entered January 23, 2008, affirmed, with costs.