[930 NE2d 263, 904 NYS2d 342]

KEVIN GLASSMAN, M.D., Respondent, v PROHEALTH AMBULA-
TORY SURGERY CENTER, INC., et al., Appellants.

Argued May 4, 2010; decided June 3, 2010

**APPEARANCES OF COUNSEL**

*Rivkin Radler LLP*, Uniondale (*Evan H. Krinick, Cheryl F. Korman, David A. Manko, Stuart M. Bodoff* and *Benjamin P.*

Malerba, III, of counsel), and *Friedman Kaplan Seiler & Adelman LLP*, New York City, for appellants.

*Littler Mendelson, P.C.*, New York City (*David M. Wirtz, Barbara A. Gross* and *Meredith L. Bronfman* of counsel), for respondent.

*Susan C. Waltman*, New York City, for Greater New York Hospital Association, amicus curiae.

*Greenberg Traurig, LLP*, Albany (*Cynthia E. Neidl* of counsel), and *Greenberg Traurig, LLP*, New York City (*Francis J. Serbaroli* of counsel), for New York State Association of Ambulatory Surgery Centers, Inc., amicus curiae.

### OPINION OF THE COURT

MEMORANDUM.

The judgment appealed from and the October 2008 order of the Appellate Division brought up for review should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this memorandum.

Even assuming that the provision of the employment contract allowing defendant to collect fees emanating from plaintiff's off-site anesthesiology services is inconsistent with 10 NYCRR 401.2 (b), which provides that "[a]n operating certificate shall be used only by the established operator for the designated site of operation," we conclude that the provision is merely malum prohibitum and, therefore, enforceable in this breach of contract action (*see Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124, 127-128 [1992]; *see also Charlebois v Weller Assoc.*, 72 NY2d 587 [1988]). Forfeitures by operation of law are disfavored, and allowing parties to escape their contractual obligations, freely entered into, "is especially inappropriate where there are regulatory sanctions and statutory penalties in place to redress violations of the law" (*Lloyd Capital Corp.*, 80 NY2d at 128).

Here, Public Health Law § 2806 (1) (a) authorizes the Department of Health to revoke, suspend, limit or annul an ambulatory surgery center's operating certificate where it "has failed to comply with the provisions of this article or rules and regulations promulgated thereunder." Additionally, the State Board for Professional Medical Conduct has the power to impose sanctions for fee-splitting arrangements that violate statutory prescriptions (*see* Education Law § 6530 [19]; § 6531; *see also* Public Health Law §§ 230, 230-a). Neither agency has been involved in this matter, nor has plaintiff identified an overarching public policy that mandates voiding the contract (*see gener-*

*ally Albany Med. Coll. v McShane,* 66 NY2d 982 [1985], *rearg denied* 67 NY2d 757 [1986]). For this reason, Supreme Court shall consider whether defendant is entitled, under the terms of the agreement, to a setoff derived from the funds, if any, held by plaintiff, against the amount of recovery in this case. We see no reason to disturb the remaining conclusions of the courts below.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Judgment appealed from and the October 2008 Appellate Division order brought up for review reversed, etc.