■ Meir G. Gover, Respondent, v Shlomo R. Savyon, Appellant. [916 NYS2d 193]—

In an action to recover fees for legal services rendered, the defendant appeals from (1) an order of the Supreme Court, Nassau County (DeStefano, J.), dated August 27, 2009, and (2) an order of the same court entered November 25, 2009, which denied his motion for summary judgment dismissing the complaint based on his first and second affirmative defenses.

Ordered that the appeal from the order dated August 27, 2009, is dismissed as abandoned; and it is further,

Ordered that the order entered November 25, 2009, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to recover fees for legal services rendered to the defendant, a longtime friend, in connection with the proposed sale of the defendant's business to a Switzerland-based company, pursuant to an oral agreement

and/or in quantum meruit. The plaintiff is an Israeli attorney who is not licensed to practice law in New York.

In an order entered November 25, 2009, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint based on his first and second affirmative defenses, which alleged that the plaintiff was not licensed to practice law in New York and was barred, as a matter of law, under Judiciary Law § 478 from recovering fees for such services.

As relevant here, Judiciary Law § 478 makes it unlawful for anyone other than a person who has been admitted to practice law in New York and has taken the requisite oath, to practice as an attorney in this state. A contract to provide legal services rendered in violation of Judiciary Law § 478 is unenforceable as a matter of public policy (see El Gemayel v Seaman, 72 NY2d 701, 705 [1988]). However, the defendant failed to establish, prima facie, that any of the services for which the plaintiff sought payment were rendered in New York in violation of Judiciary Law § 478. Since the defendant did not tender "sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), he failed to meet his prima facie burden and, thus, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The defendant's contention that the Supreme Court erred in refusing to consider his third affirmative defense alleging a violation of the statute of frauds is without merit.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.

The appeal from the order dated August 27, 2009, must be dismissed as abandoned, as the defendant does not seek reversal or modification of any portion of the order in his brief (see Sirma v Beach, 59 AD3d 611, 614 [2009]). Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur. **[Prior Case History: 26 Misc 3d 1224(A), 2009 NY Slip Op 52745(U).]**