■ Kevin Glassman, Respondent, v ProHealth Ambulatory Surgery Center, Inc., et al., Appellants. [946 NYS2d 602]—

In an action, inter alia, to recover damages for breach of an employment agreement, the defendants appeal (1) from stated portions of an order of the Supreme Court, Nassau County (Washawsky, J.), entered October 29, 2010, which, among other things, upon remittitur from the Court of Appeals, in effect, denied those branches of their motion which were for leave to renew their prior motion for leave to amend their answer to include an affirmative defense alleging breach of contract and a counterclaim alleging breach of fiduciary duty and, thereupon, for summary judgment dismissing the complaint and on the proposed counterclaim alleging breach of fiduciary duty, (2) from stated portions of an amended decision of the same court dated June 2, 2011, and (3) from an amended judgment of the same court entered August 10, 2011, which, upon the order entered October 29, 2010, upon the amended decision dated June 2, 2011, made after a nonjury trial, and upon an interlocutory judgment of the same court entered January 16, 2009, awarding the plaintiff an attorney's fee, is in favor of the plaintiff and against them in the principal sum of $512,061, plus the sum of $925,000 as and for an attorney's fee.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the amended decision is

dismissed, as no appeal lies from a decision (see *Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]).

Upon an opinion of the Court of Appeals dated June 3, 2010, this matter was remitted to the Supreme Court, Nassau County, to determine whether the defendants were entitled, under the terms of the parties' employment agreement, to a setoff derived from certain specified funds, if any, held by the plaintiff, against the amount of the plaintiff's recovery in this action (see *Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 14 NY3d 898 [2010]). The defendants contend, however, that contrary to the Supreme Court's interpretation of the Court of Appeals' decision and order, the remittal instructions did not preclude the Supreme Court from entertaining and granting their motion for leave to renew their prior motion for leave to amend their answer to include an affirmative defense based on breach of contract, and a counterclaim based on breach of fiduciary duty, and thereupon awarding them summary judgment dismissing the complaint based on the proposed affirmative defense and on the proposed counterclaim.

"[A] trial court, upon a remand or remittitur, is without power to do anything except to obey the mandate of the higher court, and render judgment in conformity therewith" (*United States v Pink*, 36 NYS2d 961, 965 [1942]). "The judgment or order entered by the lower court on a remittitur must conform strictly to the remittitur, and it cannot afterwards be set aside or modified by the lower court" (*Matter of Minister, Elders & Deacons of Refm. Protestant Dutch Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan*, 185 Misc 1003, 1007 [1945], *affd* 270 App Div 993 [1946], *affd* 296 NY 822 [1947]).

If the remittitur is erroneous in any respect, or if there is any uncertainty as to the effect of the language employed, the appropriate remedy is an application to amend it (see CPLR 5524; *Matter of Minister, Elders & Deacons of Refm. Protestant Dutch Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan*, 185 Misc at 1006). Contrary to the defendants'

contention, the Supreme Court correctly adhered to the terms of the Court of Appeals' remittitur in this matter (cf. *Wiener v Wiener*, 10 AD3d 362, 362 [2004]).

The defendants' remaining contentions are either barred by the law of the case doctrine (see *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754 [1999]; *RPG Consulting, Inc. v Zormati*, 82 AD3d 739, 740 [2011]), since they were previously determined by this Court (see *Glassman v Pro Health Ambulatory Surgery Ctr., Inc.*, 55 AD3d 538 [2008], *revd on other grounds* 14 NY3d 898 [2010]), or without merit. Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.