OPINION OF THE COURT
Memorandum.
Ordered that the judgment is modified by striking the award in favor of plaintiff, so much of the order dated March 15, 2011 as, upon renewal, granted the branch of plaintiffs “motion” seeking, in effect, summary judgment on his cause of action and denied the branch of defendant’s “cross motion” seeking summary judgment dismissing plaintiffs cause of action is vacated, that branch of plaintiffs “motion” is denied, that branch of defendant’s “cross motion” is granted and plaintiffs cause of action is dismissed; as so modified, the judgment is affirmed, without costs.
Plaintiff, who is presently incarcerated at a state correctional facility, commenced this small claims action to recover from defendant, a purported “paralegal,” the sum of $3,500 for defendant’s alleged breach of an agreement to provide plaintiff with “legal advice/Paralegal [services]” in connection with plaintiffs attempt to secure post-conviction relief. Defendant counterclaimed to recover the sum of $750, which, he alleged, was the outstanding balance due him from plaintiff. The District Court dispensed with the parties’ personal appearances and directed the parties to submit documentation in support of their contentions, in effect, treating their submissions as a motion and cross motion for summary judgment. Upon a review of the documentary evidence, the District Court, by order dated March 15, 2011, granted plaintiffs “motion,” denied defendant’s “cross motion,” awarded plaintiff the principal sum of $3,500 and dismissed defendant’s counterclaim. A judgment was entered on March 16, 2011, from which defendant appeals.
*48 At the outset, we note that since no issue has been raised by the parties regarding the procedure employed by the District Court, we do not pass on the propriety thereof. The parties concede that they entered into an agreement whereby defendant was to provide plaintiff with “paralegal” services by reading, reviewing and researching plaintiffs criminal case in order to determine whether it was advisable for plaintiff to file a federal writ of habeas corpus or to make any post-conviction motions. To the extent that the parties agree upon those facts, the contract entered into was for the rendition of legal advice and, as such, is unenforceable as an illegal contract.
A person is practicing law when he or she gives legal advice (see 6A NY Jur 2d, Attorneys at Law § 44). The promise to provide legal advice in the future is the unauthorized practice of law, and holding oneself out to the public as capable of giving legal advice is likewise improper (Judiciary Law § 478; see People v Life Science Church, 113 Misc 2d 952, 964 [Sup Ct, NY County 1982]). A contract to provide legal services in violation of Judiciary Law § 478 is unenforceable as a matter of public policy (see El Gemayel v Seaman, 72 NY2d 701, 705 [1988]; Gover v Savyon, 81 AD3d 689 [2011]). Thus, the contract involved in this case is illegal and, under such circumstances, the courts will generally “refuse to aid in it but leave the parties where they are” (Spivak v Sachs, 16 NY2d 163, 168 [1965]; see also McConnell v Commonwealth Pictures Corp., 7 NY2d 465 [I960]). As the agreement in question was against public policy, the courts should not assist either party in enforcing it. Accordingly, the award in favor of plaintiff must be stricken and plaintiffs cause of action dismissed.
LaCava, J.E, Nicolai and LaSalle, JJ., concur.