█ MEIR G. GOVER, Respondent, v SHLOMO R. SAVYON, Appellant. [975 NYS2d 758]—

In an action to recover fees for legal services rendered, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DeStefano, J.), entered January 13, 2012, as denied that branch of his motion which was for summary judgment dismissing so much of the complaint as sought to recover fees for legal services rendered by the plaintiff to the defendant outside of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

As noted in a decision and order of this Court relating to a prior appeal in this litigation, the plaintiff commenced this action to recover fees for legal services rendered to the defendant, a longtime friend, in connection with the proposed sale of the defendant's business to a Switzerland-based company, pursuant to an oral agreement and/or in quantum meruit (*see Gover v Savyon*, 81 AD3d 689, 689-690 [2011]). The plaintiff is an Israeli attorney who is not licensed to practice law in New York. The defendant previously moved for summary judgment dismissing the complaint on the ground that the plaintiff was not licensed to practice law in New York and, thus, was barred under Judiciary Law § 478 from recovering fees for such services (*see id.* at 690). In the prior decision and order, this Court affirmed the Supreme Court's order denying the defendant's motion, concluding that the defendant failed to establish, prima facie, that any of the services for which the plaintiff sought payment were rendered in New York in violation of Judiciary Law § 478 (*see id.*).

Following the deposition of the plaintiff, the defendant again moved for summary judgment dismissing the complaint, arguing that the plaintiff's deposition testimony established that the plaintiff rendered legal services to the defendant in New York, and was seeking payment for those legal services. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as

sought to recover fees for legal services that the plaintiff undisputably rendered to the defendant in New York, and otherwise denied the motion. The defendant appeals from so much of the Supreme Court's order as denied that branch of his motion which was for summary judgment dismissing so much of the complaint as sought to recover fees for legal services rendered by the plaintiff to the defendant outside of New York.

"Judiciary Law § 478 makes it unlawful for anyone other than a person who has been admitted to practice law in New York and has taken the requisite oath, to practice as an attorney in this state. A contract to provide legal services rendered in violation of Judiciary Law § 478 is unenforceable as a matter of public policy" (*Gover v Savyon*, 81 AD3d at 690; *see El Gemayel v Seaman*, 72 NY2d 701, 705 [1988]). However, "where an agreement consists in part of an unlawful objective and in part of lawful objectives, the court may sever the illegal aspects and enforce the legal ones, so long as the illegal aspects are incidental to the legal aspects and are not the main objective of the agreement" (*Artache v Goldin*, 133 AD2d 596, 599 [1987]; *see also Quevedo v City of New York*, 56 NY2d 150 [1982]).

Here, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law with respect to that portion of the complaint which sought to recover fees for legal services rendered by the plaintiff to the defendant outside of New York. The legal services that the plaintiff provided to the defendant from outside of New York did not violate Judiciary Law § 478 and, thus, did not violate New York law. Furthermore, the main objective of the subject agreement, which was simply to provide legal services to the defendant, was not illegal (*see Quevedo v City of New York*, 56 NY2d at 156; *Glassman v Pro Health Ambulatory Surgery Ctr., Inc.*, 55 AD3d 538 [2008], *revd on other grounds* 14 NY3d 898 [2010]). The defendant was aware, at all times, that the plaintiff was not licensed to practice law in New York, and the defendant would be unjustly enriched if allowed to avoid payment for legal services performed by the plaintiff for his benefit which were not in violation of Judiciary Law § 478 (*see Artache v Goldin*, 133 AD2d at 599).

Since the defendant failed to meet his prima facie burden, that branch of his motion which was for summary judgment dismissing so much of the complaint as sought to recover fees for legal services rendered by the plaintiff to the defendant outside of New York was properly denied, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Eng, P.J., Dickerson, Chambers and Hall, JJ., concur. **[Prior Case History: 34 Misc 3d 1209(A), 2012 NY Slip Op 50022(U).]**