Silverman v Eccleston Law, LLC (2022 NY Slip Op 04991)

Silverman v Eccleston Law, LLC

2022 NY Slip Op 04991

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-08074
 (Index No. 605519/20)

[*1]Jeffrey R. Silverman, appellant, 
v
Eccleston Law, LLC, respondent. Jeffrey R. Silverman, Huntington, NY, appellant pro se.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Mark K. Anesh of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 16, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, an attorney licensed to practice law in New York and a certified financial planner, received a loan from his former employer, Ameriprise Financial Services, Inc. (hereinafter Ameriprise), in the amount of $280,190, for which he executed a promissory note, requiring him to immediately repay the loan in full in the event of his resignation. The note required any disputes to be arbitrated pursuant to the Financial Industry Regulatory Authority (hereinafter FINRA) Code of Arbitration Procedure for Industry Disputes.
When the plaintiff decided to resign from Ameriprise, he hired the defendant law firm to negotiate with Ameriprise regarding the promissory note, and, if necessary, defend him against a note collection claim and assert counterclaims. The defendant's main office is located in Chicago, Illinois. The plaintiff sent his correspondence with the defendant to the main office in Chicago, and, on one occasion, met with his attorneys in that city.
Ultimately, when the plaintiff failed to pay the debt, Ameriprise commenced a FINRA arbitration proceeding, held in New York, at which the defendant represented the plaintiff. The arbitration panel awarded judgment against the plaintiff and in favor of Ameriprise, requiring the plaintiff to pay the remaining balance of the note, with interest, as well as attorneys' fees (pursuant to the terms of the note).
The plaintiff thereafter commenced this action, inter alia, to recover damages for legal malpractice (third through fifth causes of action) and breach of contract (sixth through eighth causes of action), and alleged violations of the Judiciary Law. The defendant moved pursuant to CPLR 3211(a) to dismiss the amended complaint. By order dated October 16, 2020, the Supreme Court granted the motion, and the plaintiff appeals.
"'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505, quoting Dempster v Liotti, 86 AD3d 169, 176). "To establish causation in a legal malpractice action, 'a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505, quoting Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442).
Here, accepting all facts as alleged in the amended complaint to be true and according the plaintiff the benefit of every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88), the amended complaint failed to state a legal malpractice cause of action. In the third and fourth causes of action, the plaintiff failed to adequately allege a breach of the applicable standard of care. The "selection of one among several reasonable courses of action does not constitute malpractice" (Rosner v Paley, 65 NY2d 736, 738), and an attorney may not be held liable for "'the exercise of appropriate judgment that leads to an unsuccessful result'" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 846-847, quoting Rubinberg v Walker, 252 AD2d 466, 467).
The fifth cause of action failed to adequately plead that, but for the defendant's alleged negligence, the plaintiff would have obtained a more favorable outcome. The plaintiff merely alleged that had the defendant shared with him information imparted by Ameriprise's attorney concerning the low rate of success of challenges to note collection proceedings, he would have insisted on settlement discussions (see Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506; Janker v Silver, Forrester & Lesser, P.C., 135 AD3d 908, 909; see also Bauza v Livington, 40 AD3d 791, 793). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848; see Janker v Silver, Forrester & Lesser, P.C., 135 AD3d at 909).
The Supreme Court also properly granted those branches of the defendant's motion which were to dismiss the breach of contract causes of action as the plaintiff failed to identify any provision of the parties' contract that was violated by the conduct of which he complained (see Palero Food Corp. v Zucker, 186 AD3d 493, 496; Pike v New York Life Ins. Co., 72 AD3d 1043, 1049).
Finally, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the first cause of action, alleging a violation of Judiciary Law § 478, which prohibits the unauthorized practice of law in this state. Assuming the facts alleged in the amended complaint to be true, that statute was not violated by the defendant's provision of legal services to the plaintiff from outside New York (see Gover v Savyon, 111 AD3d 887, 888; see also El Gemayel v Seaman, 72 NY2d 701, 707) or representation of the plaintiff at the FINRA arbitration proceeding in this state (see 22 NYCRR 523.2[a][3][iii]).
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the order appealed from.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court