■ DANIEL D. COLE & CO., INC., Respondent, v 630 CORPORATION et al., Appellants, et al., Defendant.—In an action to recover damages for breach of contract and conspiracy to defraud, the defendants 630 Corporation and Arnold Greenstein appeal from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered November 7, 1986, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

630 CORPORATION, Appellant-Respondent; ARNOLD GREENSTEIN, Respondent, et al., Defendants.—In an action to recover damages for breach of contract and conspiracy to defraud, the defendant 630 Corporation appeals from (1) a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated September 16, 1987, which, upon an order of the same court entered September 10, 1987, denying that branch of a cross motion of it and Arnold Greenstein to vacate a settlement as to it, is in favor of the plaintiff and against it in the principal sum of $13,000, and (2) the plaintiff appeals from so much of the order entered September 10, 1987, as granted that branch of the cross motion which was to vacate the settlement as to Arnold Greenstein. The notice of appeal of 630 Corporation from the order entered September 10, 1987, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the provision thereof which granted that branch of the cross motion which was to vacate the settlement as to Arnold Greenstein is deleted, a provision denying that branch of the cross motion is substituted therefor, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment against Arnold Greenstein in the principal sum of $13,000, with interest from February 26, 1987; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On February 26, 1987, counsel for the parties entered into a stipulation of settlement in open court whereby the defendants 630 Corporation and Arnold Greenstein agreed to pay "the sum of $13,000 in full satisfaction of any and all claims" by the plaintiff against them. Greenstein and 630 Corporation were represented by the same attorney at that time. These defendants subsequently cross-moved for vacutur of the stipulation of settlement and the court denied the cross motion as to 630 Corporation but granted it as to Arnold Greenstein. "Stipulations of settlement are favored by the courts and not lightly cast aside (see, Matter of Galasso, 35 NY2d 319, 321). This is all the more so in the case of 'open court' stipulations (Matter of Dolgin Eldert Corp., 31 NY2d 1, 10) within CPLR 2104, where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process. Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be

relieved from the consequences of a stipulation made during litigation *(Matter of Frutiger,* 29 NY2d 143, 149-150)" *(Hallock v State of New York,* 64 NY2d 224, 230). We find that the Supreme Court properly denied that branch of the cross motion which was to vacate the settlement as to 630 Corporation, since it failed to demonstrate the existence of any valid grounds for vacatur. Arnold Greenstein, who was present when the stipulation of settlement was read in open court, failed to repudiate the settlement at that time. Moreover, the grounds proffered by Greenstein for vacatur are without merit. Accordingly, the court erred in vacating the settlement as to Greenstein. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.