OPINION OF THE COURT
Kaye, J.
Is a loan agreement that violated Federal Small Business Administration (SBA) regulations unenforceable under New York law? In the circumstances presented, we agree with the Appellate Division that the borrowers’ defense of illegality must be rejected and the debt enforced.
In September 1982, plaintiff, an investment company at that time licensed by the SBA, loaned $64,000 to defendant Pat Henchar, Inc. (PHI). The loan was personally guaranteed by defendant Patricia Henchar and secured by a mortgage on her home. As the loan bore an annual interest rate of 20.75% and required a commitment fee of $1,280, it violated pertinent SBA regulations, which set the interest ceiling at 20.125% and prohibited the commitment fee. One year later, PHI defaulted and plaintiff commenced the present action to foreclose on Henchar’s residence. As a defense to repayment, defendants asserted that the SBA violations rendered the loan unenforceable. Plaintiff meanwhile had received several notices from the SBA that the terms were indeed excessive, and in August 1984 reduced the interest rate to 20% and deducted the commitment fee.
*127 On cross motions for summary judgment, Supreme Court dismissed the complaint — in effect denying foreclosure — based on the SBA violations. The Appellate Division reversed on plaintiff’s appeal, rejecting defendants’ illegality defense, and remitted to Supreme Court for a determination of the amount properly due in accordance with SBA regulations. We granted defendants’ motion for leave to appeal from the final order of Supreme Court, bringing up for review the Appellate Division’s prior nonfinal order (CPLR 5602 [a] [1] [ii]), which we now affirm.
As a threshold matter, we perceive no basis for defendants’ assertion that "[i]t is not at all certain that Plaintiff was innocent of criminal usury.” New York law explicitly makes certain usurious contracts unenforceable (see, General Obligations Law §§ 5-521, 5-511; Penal Law § 190.40; Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 740-741), and defendants suggest that the loan may be usurious because various closing costs must be considered interest as a matter of law. However, a borrower may pay reasonable expenses attendant on a loan without rendering the loan usurious (see, Brown v Robinson, 224 NY 301, 314; London Realty Co. v Riordan, 207 NY 264, 266), and defendants made no showing that fees charged in this case were a pretext for higher interest, so as to create a triable issue of fact. Thus, our only task is to determine the effect of the Federal regulatory violation in this State law foreclosure action.
Illegal contracts are, as a general rule, unenforceable. However, "[w]here contracts which violate statutory provisions are merely malum prohibitum, the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy * * * the right to recover will not be denied.” (Rosasco Creameries v Cohen, 276 NY 274, 278.)
In Rosasco, plaintiff milk dealer sought recovery for the reasonable value of milk sold to other dealers, who asserted that plaintiff could not recover because it had violated a statute requiring that milk dealers be licensed. Significantly, the statute imposed criminal penalties but did not specify that contracts made by unlicensed milk dealers were unenforceable. We concluded that since the primary purpose of the statute was to protect producers and the consuming public, *128 not milk dealers such as defendants, and since the wrong committed by the violation of the statute did not endanger health or morals, the contract should be enforced. Since Rosasco, we have refused on public policy grounds to enforce agreements entered into in violation of statutes that were enacted to protect public health and safety (see, e.g., Richards Conditioning Corp. v Oleet, 21 NY2d 895, 896).
As a general rule also, forfeitures by operation of law are disfavored, particularly where a defaulting party seeks to raise illegality as "a sword for personal gain rather than a shield for the public good.” (Charlebois v Weller Assocs., 72 NY2d 587, 595.) Allowing parties to avoid their contractual obligation is especially inappropriate where there are regulatory sanctions and statutory penalties in place to redress violations of the law.
Applying these principles to the facts at hand, we conclude that the Appellate Division properly rejected defendants’ illegality defense. As in Rosasco, the violation at issue was not malum in se, or evil in itself. The violation was malum prohibitum due to Federal law, which does not provide for borrowers to interpose illegality as a defense to repayment of their loans. Therefore, unless public policy dictates otherwise, the contract should be enforced.
The stated policy of the Federal Small Business Investment Act (SBIA) is to "aid, counsel, assist, and protect, insofar as is possible, the interests of small-business concerns in order to preserve free competitive enterprise” (15 USC § 631 [a]). Congress passed the SBIA to encourage the growth of small businesses by compensating for the difficulty they may have in obtaining financing from conventional lenders (United States v Fidelity Capital Corp., 920 F2d 827, 830). The SBIA is concerned not with public health or safety, but with carrying out Federal small business policy.
The SBA enforces the SBIA and its attendant regulations by requiring licensed lenders to make detailed filings and reports (13 CFR 107.1002), and through periodic examinations (15 USC § 687b [c]). The SBA may redress violations by the revocation and suspension of licenses and cease and desist orders (15 USC § 687a). In addition, private parties may recover penalties where the violation also exceeds the permissible bounds of applicable State law (15 USC § 687 [i] [4] [B]).
We conclude that the regulatory sanctions, reinforced by the potential civil liability where State law is also violated, *129 "quite complementarity and proportionately protect the underlying public policy” (Charlebois v Weller Assocs., 72 NY2d, at 595, supra). We therefore decline defendants’ invitation to read into our State law greater rights and remedies than the Federal scheme provides, especially where the SBA was exercising its own remedial powers, and where voiding the contract would result in an undeserved windfall to defendants.
Nothing in the Federal law compels a different result. As recently noted by the Court of Appeals for the Eleventh Circuit, "[a] loan or other transaction that violates either the [Small Business Investment] Act or the regulations * * * is still valid and enforceable between the parties.” (United States v Fidelity Capital Corp., 920 F2d, at 831, supra.)
Finally, in permitting plaintiff to seek repayment of the debt, we do not command illegal conduct (see, Kaiser Steel Corp. v Mullins, 455 US 72). The SBA scheme does not provide that a loan in violation of its regulations is void ab initia, and the terms being enforced fall within the allowable parameters of Federal law. "Past the point where the judgment of the Court would itself be enforcing the precise conduct made unlawful by the Act, the courts are to be guided by the overriding general policy * * * 'of preventing people from getting other people’s property for nothing when they purport to be buying it.’ ” (Kelly v Kosuga, 358 US 516, 520-521 [quoting Continental Wall Paper Co. v Voight & Sons Co., 212 US 227, 271].)
Accordingly, the judgment of the Supreme Court and the order of the Appellate Division brought up for review should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
Judgment of Supreme Court and order of the Appellate Division brought up for review affirmed, with costs.