■ In the Matter of DELANO VILLAGE COMPANIES, by AXELROD MANAGEMENT CO., INC., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and VALERIE ORRIDGE et al., Intervenors-Respondents. [666 NYS2d 617] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about June 26, 1996, which, in a CPLR

article 78 proceeding, (1) granted the petition and annulled an order of respondent Division of Housing and Community Renewal ("DHCR") dated March 8, 1995, modifying a prior DHCR order dated October 13, 1994, and (2) reinstated the October 13, 1994 DHCR order, unanimously reversed, on the law and the facts, without costs, the application denied and petition dismissed.

The determination by DHCR in the March 8, 1995 order had a rational basis and was not arbitrary and capricious. A stipulation in Housing Court on March 2, 1990 settling claims by tenants on the premises did not preclude the tenants, who were parties to the stipulation, from subsequently filing a complaint with DHCR in 1992, pursuant to Rent Stabilization Law ([RSL] Administrative Code of City of NY) § 26-514, for a rent reduction due to petitioner's failure to provide required services. The remedy provided by RSL § 26-514 is "[i]n addition to any other remedy afforded by law." Nor could the tenants prospectively waive their right to relief under RSL § 26-514 (see, Rent Stabilization Code [9 NYCRR] § 2520.13). Prospective waivers of rent stabilization rights in a settlement agreement are invalid as a matter of public policy (see, *Draper v Georgia Props.*, 230 AD2d 455, 457; *Cvetichanin v Trapezoid Land Co.*, 180 AD2d 503, 504, *lv dismissed* 79 NY2d 933). Petitioner's remaining contentions are without merit. Concur—Murphy, P. J., Sullivan, Tom, Mazzarelli and Colabella, JJ.