■ In the Matter of AGI WEIS, Also Known as AGI WEISS, Respondent, v YEHOSHUA LEFKOWITZ, Appellant. [690 NYS2d 130] —In a proceeding pursuant to CPLR article 75 to confirm two arbitration awards, Yehoshua Lefkowitz appeals (1) from an order of the Supreme Court, Kings County (Garson, J.), dated May 7, 1997, which, upon granting the motion of the now deceased Abraham Weiss for reargument and renewal of a prior application to confirm the arbitration awards, *inter alia*, directed the parties to comply with a so-ordered stipulation of settlement dated April 3, 1984, and referred the matter to a Judicial Hearing Officer to determine the amount of rent arrears owed by him to the petitioner, (2) from an order of the same court (Cannizzaro, J.H.O.), dated June 5, 1997, which, after a hearing, awarded rent arrears to the petitioner in the principal sum of $56,775, (3) from a judgment of the same court (Cannizzaro, J.H.O.), dated August 11, 1997, in favor of the petitioner and against him in the principal sum of $56,775, and (4) as limited by his brief, from so much of an order of the same court (Garson, J.), dated September 8, 1997, as denied those branches of his cross motion which, *inter alia*, were to vacate the arbitration awards and the parties' stipulation of settlement, and Agi Weis, a/k/a Agi Weiss, executor of the estate of the deceased Abraham Weiss cross-appeals from the order dated May 7, 1997.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeals from the orders dated May 7, 1997, and June 5, 1997, are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the orders dated May 7, 1997, and June 5, 1997, are vacated; and it is further,

Ordered that the order dated September 8, 1997, is reversed insofar as appealed from, on the law, and those branches of the

cross motion which were to vacate the arbitration awards dated January 25, 1982, and June 13, 1982, and the parties' so-ordered stipulation of settlement dated April 3, 1984, are granted; and it is further,

Ordered that Yehoshua Lefkowitz is awarded one bill of costs.

The appeals from the intermediate orders dated May 7, 1997, and June 5, 1997, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

It is undisputed that Yehoshua Lefkowitz is a tenant in a rent-controlled apartment. He and his then-landlord, the petitioner's decedent, Abraham Weiss, agreed to submit certain disputes over rent increases to arbitration in a rabbinical court. Moreover, Lefkowitz and Weiss subsequently entered into a so-ordered stipulation of settlement to resolve litigation regarding the resulting arbitration awards. It is further undisputed that the rent fixed in the arbitration awards and in the stipulation of settlement exceeded the amount which Lefkowitz was legally obligated to pay. Pursuant to the New York Rent and Eviction Regulations, "[a]n agreement by the tenant to waive the benefit of any provision of the Rent Law or these regulations is void" (9 NYCRR 2200.15), and "[i]t shall be unlawful, regardless of any contract * * * for any person to demand or receive any rent for any housing accommodations in excess of the applicable maximum rent established therefor by the State Rent Commission or the Division of Housing and Community Renewal" (9 NYCRR 2205.1[a]). Accordingly, the Supreme Court erred in enforcing the provisions of the stipulation of settlement requiring Lefkowitz to pay more than the legal rent, and the application by Lefkowitz to vacate the arbitration awards and the stipulation of settlement as unlawful and violative of public policy should have been granted (see generally, Estro Chem. Co. v Falk, 303 NY 83; Matter of Delano Vil. Cos. v New York State Div. of Hous. & Community Renewal, 245 AD2d 196; Draper v Georgia Props., 230 AD2d 455; Cveticha-nin v Trapezoid Land Co., 180 AD2d 503). Bracken, J. P., Sullivan, Friedmann and Florio, JJ., concur.