ESTATE OF MERCER K. ELLINGTON, Deceased, Appellant, v AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, Defendant. AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, Interpleader Plaintiff, v MERCEDES ELLINGTON et al., Interpleaded Defendants-Respondents. [809 NYS2d 10]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 13, 2004, which, inter alia, granted the motion of the interpleaded defendants-respondents, Mercedes Ellington, Gaye Ellington and Edward Ellington for summary judgment, declaring that they are entitled, retroactive to January 2002, to receive 60% (in the amount of 20% each) of the "songwriter's share" of royalties that the American Society of Composers, Authors and Publishers (ASCAP) or any nonparty music publishing companies have collected, or will collect, on any works of Duke Ellington and Mercer Ellington falling within the scope of the 1989 assignment contract, and declaring that the Estate of Mercer Ellington is not entitled to any of the aforementioned royalties, unanimously affirmed, without costs.

There is no proof that the agreement at issue was an illegal contract designed to evade, as opposed to avoid, taxes, nor is there proof that any taxes owed were actually evaded. In any event, if the contract were illegal, it would constitute no more than an act malum prohibitum, for which forfeiture is disfavored (*see Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124, 127 [1992]).

The agreement is clear on its face, so that resort to extrinsic evidence was unnecessary to ascertain its meaning, and inasmuch as it provided for the irrevocable transfer of the future royalties and was signed by the donees, the conditions precedent for an inter vivos gift were met, and the agreement does not constitute an illegal testamentary substitute (*see Gruen v*

*Gruen*, 68 NY2d 48, 53 [1986]). Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.