*741 In an action, inter alia, to recover damages for trespass, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 11, 2007, which granted the defendant’s motion to vacate a so-ordered stipulation of settlement of the action dated July 17, 2004, and to restore the action to the calendar.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion to vacate a so-ordered stipulation of settlement of the action dated July 17, 2004, and to restore the action to the calendar is denied.
The plaintiff commenced this action against the defendant, Town of Babylon, after the Town allegedly agreed, and failed, to construct a fence to prevent trespassers from entering upon the plaintiffs beachfront property from an adjacent parcel of land owned by the Town which adjoins the shore of the Great South Bay. The parties thereafter entered into a stipulation of settlement, pursuant to which the Town agreed to construct a fence which would cut off public access to the subject waterfront parcel. Two years later, the Town moved to set aside the stipulation of settlement as illegal and/or violative of public policy. The Supreme Court granted the Town’s motion. We reverse.
While “[stipulations of settlement are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see Matter of Galasso, 35 NY2d 319, 320 [1974]), a stipulation of settlement may be set aside on the grounds of illegality and/or a violation of public policy (see e.g. Matter of Weis v Lefkowitz, 261 AD2d 480 [1999]). Here, the Town relied on the legal principle that an owner of land may not unreasonably interfere with the public’s right to make use of navigable waters for the purposes of navigation and fishing (see Douglaston Manor v Bahrakis, 89 NY2d 472 [1997]; People v Vanderbilt, 26 NY 287 [1863]; Melby v Duffy, 304 AD2d 33 [2003]; Smith v State of New York, 153 AD2d 737 [1989]). However, the fence does not restrict access to the use of Great South Bay. Rather, it restricts access to land on the shore of Great South Bay owned by the Town. Accordingly, the Town did not establish that the stipulation at issue is unlawful or violative of a public policy, warranting its vacatur. Therefore, the Supreme Court erred in granting the motion to vacate the so-ordered stipulation of settlement.
In view of the foregoing, the parties’ remaining contentions need not be reached. Florio, J.E, Angiolillo, McCarthy and Chambers, JJ., concur.