*92 OPINION OF THE COURT
Memorandum.
Order modified by providing that the branches of the motion by plaintiff seeking summary judgment on his cause of action and the dismissal of defendants’ counterclaim for the recovery of excess rents paid are denied; as so modified, affirmed without costs.
Plaintiff is a proprietary leaseholder of an apartment which, according to plaintiffs proprietary lease and stock certificate, is subject to the provisions of article II of the Private Housing Finance Law (the Mitchell-Lama Law) and section 58 of the Public Housing Law. Defendants were his long-term subtenants. In settlement of a prior holdover summary proceeding, the parties, in March 2005, entered into a stipulation which provided, inter alla, that in return for defendants’ surrender of possession by October 30, 2005, plaintiff would waive use and occupancy for January 2005 through October 2005. If defendants failed to timely surrender as agreed, they would be liable for 10 months’ use and occupancy at $690 per month. Defendants did not timely surrender the apartment, and plaintiff subsequently commenced this plenary action to recover the use and occupancy alleged to be owed under the stipulation’s terms. Defendants counterclaimed for the cost of improvements they had allegedly made, for the return of their security deposit, and for the return of all rents paid during the term of the subtenancy or, in the alternative, of the excess paid over the amount of the lawful rent. Defendants claimed that plaintiff had illegally sublet the apartment to them in violation of his proprietary lease, which barred subletting without board approval, and that plaintiff had charged a rent that exceeded the maximum rent which could be charged for the cooperative apartment. Plaintiff moved for summary judgment on his cause of action and for dismissal of defendants’ counterclaims. The Civil Court granted the motion, and this appeal by defendants ensued.
In our view, the Civil Court erred in granting the branches of the motion which sought summary judgment on plaintiff’s cause of action and the dismissal of defendants’ counterclaim for the return of excess rents paid.
The Mitchell-Lama Law was enacted to address the “seriously inadequate supply of safe and sanitary dwelling ... accommodations for families and persons of low income . . . [which] conditions constitute an emergency and a grave menace *93 to the health, safety, morals, welfare and comfort of citizens of this state” (Private Housing Finance Law § 11). The law was intended to “encourag[e] the private development of low and middle income housing ... by offering State and municipal assistance to developers ... In return for . . . financial benefits, developers agree to regulations concerning rent, profit, disposition of property and tenant selection” (Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev. of City of N.Y., 80 NY2d 19, 23 [1992]; see also Real Estate Bd. of N.Y., Inc. of City Council of City of N.Y, 16 Misc 3d 530, 533-534 [Sup Ct, NY County 2007]). In furtherance of these purposes, the law provides that the “[l]etting, subletting or assignment of leases of apartments at greater rentals than those approved by the commissioner or the supervising agency shall be unlawful” (Private Housing Finance Law § 31 [1] [a]). In addition, the rules promulgated by the Department of Housing Preservation and Development (HPD), pursuant to its statutory authority to administer the Mitchell-Lama program in New York City (see Private Housing Finance Law § 2 [15]; Matter of Schorr v New York City Dept, of Hous. Presero. & Dev., 10 NY3d 776, 778 [2008]), provide that “[n]o tenant/cooperator shall have the right to sublet without prior written approval of HPD and the housing company, which only shall be given in exceptional circumstances, including, but not limited to, military service” (28 RCNY 3-02 [n] [2]). The rules further require that “the apartment of the tenant/cooperator be at initial occupancy and continue to be his or her primary place of residence” (28 RCNY 3-02 [n] [4]; see Gorelik v Sobol, 20 Misc 3d 1134[A], 2008 NY Slip Op 51725[U] [2008]).
In the instant matter, in view of the 12-year duration of the sublet, it is evident that the parties violated HPD’s rules concerning subletting and primary residence. However, this, in itself, does not necessarily render the provision of the stipulation calling for the payment of use and occupancy unenforceable on public policy grounds, since the HPD regulations do not expressly bar the recovery of such use and occupancy (see e.g. Lloyd Capital Corp. v Pat Henchar, Inc., 80 NY2d 124 [1992]; Rosasco Creameries, Inc. v Cohen, 276 NY 274 [1937]; Murray Walter, Inc. v Sarkisian Bros., 107 AD2d 173 [1985]). Since defendants had the benefit of the occupancy of the premises, they should equitably be required to pay therefor (Kelly v Kosuga, 358 US 516 [1959]; Lloyd Capital Corp., 80 NY2d 124 [1992]; Murray Walter, Inc., 107 AD2d 173 [1985]). However, *94 because the Mitchell-Lama Law expressly bars the collection of excess rents, defendants cannot be required to pay more than the lawful approved rents.
Since legislative proscriptions of the collection of excess rents are deemed to implement public policy, agreements, even those embodied in so-ordered stipulations, that provide for the collection of excess rents are void and unenforceable (e.g. Jazilek v Abart Holdings LLC, 10 NY3d 943 [2008]; Estro Chem. Co. v Falk,, 303 NY 83 [1951]; Matter of Weis v Lefkowitz, 261 AD2d 480 [1999]). As the Court of Appeals stated in Estro Chem. Co. (303 NY at 86), a “statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy.”
Moreover, while the Mitchell-Lama statute does not expressly provide a cause of action for the return of overcharges collected, it is our view that furtherance of the public policy underlying the statute dictates that such a cause of action should exist (see CPLR 213-a; cf. Estro Chem. Co., 303 NY 83 [1951]). In cases such as this, involving stipulations entered into in the Housing Part of the Civil Court, the “[t]enant [is] not required to proceed in Housing Court” (Jazilek, 10 NY3d 943, 944 [2008]) but may assert the overcharge claim in a subsequent action.
The 1991 proprietary lease, which was attached to plaintiffs moving papers, stated that plaintiffs rent to the cooperative was $307.30 per month. In their verified answer and in their opposition to plaintiffs motion, defendants asserted that, during the relevant period, plaintiff paid approximately $400 to the cooperative, and this assertion was undisputed by plaintiff. Thus, the $690 per month use and occupancy, which defendants have been paying and which the parties stipulated would be payable in the event defendants breached the stipulation, apparently far exceeds the approved rents, as reflected in plaintiffs own lease payments. Consequently, plaintiffs motion for summary judgment on his cause of action should have been denied, as plaintiff is not entitled to recover more than the approved rent. In addition, defendants’ counterclaim for the recovery of the overcharges collected should not have been dismissed. Since the record is unclear as to exactly how much of the $690 per month represents an overcharge, the matter is remanded for a trial with respect to plaintiffs cause of action and defendants’ counterclaim for the excess rents paid.
Defendants raise no contention on appeal with respect to their counterclaims for the cost of renovations they allegedly *95 made to the apartment and for the return of their security deposit. Consequently, we leave the dismissal of these counterclaims undisturbed.
Accordingly, the Civil Court’s order is modified by providing that the branches of the motion by plaintiff seeking summary judgment on his cause of action and the dismissal of defendants’ counterclaim for the recovery of excess rents paid are denied, and the order is otherwise affirmed.
Golia, J.E, Rios and Steinhardt, JJ., concur.