■ MEDALLION FINANCIAL CORP. et al., Respondents, v VICTOR WEINGARTEN et al., Appellants. [19 NYS3d 509]—

Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 29, 2014, awarding money damages to plaintiffs against defendants, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 29, 2014, which granted plaintiffs' motion for summary judgment on their claims and dismissing defendants' counterclaims, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

Plaintiffs extended more than $16 million in financing to defendants in connection with the acquisition of taxicab medallions. Under the financing agreements, plaintiff Freshstart Venture Capital Corp. was entitled to a "Participation Interest" in the medallions, i.e., a percentage of any appreciation in the medallion value during the term of the financing.

The court correctly found that New York usury law is preempted by the federal Small Business Investment Act of 1958 (SBIA). The Act provides, in pertinent part, that "[a] State law or constitutional provision shall be preempted . . . with respect to any loan . . . made before the date . . . on which such State adopts a law or certifies that . . . such State does not want the provisions of this subsection to apply with respect to loans made in such State" (15 USC § 687 [i] [3]). Defendants made no showing that New York has opted out of the statutory scheme. Nor do the cases they rely on support their position. The issue of preemption was not implicated in *Lloyd Capital Corp. v Pat Henchar, Inc.* (80 NY2d 124 [1992]). In *JZ Smoke Shop, Inc. v American Commercial Capital Corp.* (709 F Supp 422, 425-427 [SD NY 1989]), the court looked to New York usury law in analyzing a claim of excessive finance charges pursuant to 15 USC § 687 (i) (4), which provides a remedy in cases where the rate of interest charged "exceeds the rate which would be authorized by applicable State law if such State law were not preempted for purposes of this subsection."

The court correctly found that the participation interest does not render the loans usurious under the SBIA, because it is not "interest" within the meaning of the Act but either a contingent obligation, which is excluded from the definition of "interest" (*see* 15 USC § 687 [i] [2]), or an "equity security" (*see* 13 CFR 107.800), which is excluded from the "Cost of Money" (the interest and other consideration received from the small-business borrower) calculation (*see* 13 CFR 107.855 [g] [12]).

The court correctly calculated the participation interest in accordance with the parties' agreements.

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.