Perry v McMahan (2018 NY Slip Op 06284)





Perry v McMahan


2018 NY Slip Op 06284


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-02103
 (Index No. 14070/07)

[*1]Susie McMahan Perry, also known as Leslie Susan Perry, as personal representative of the estate of David Bruce McMahan, respondent, 
v
Elena McMahan, appellant.


Law Office of Yonatan S. Levoritz, P.C., Brooklyn, NY, for appellant.
Belowich & Walsh LLP, White Plains, NY (Brian T. Belowich and Kerry Ford Cunningham of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated February 6, 2017. The order denied the defendant's motion to set aside a stipulation between the parties dated May 11, 2016.
ORDERED that the order is affirmed, with costs.
The relevant background facts are set forth in our decision on a companion appeal (see Perry v McMahan, _____ AD3d _____ [Appellate Division Docket No. 2016-01356; decided herewith]). On May 11, 2016, just before a trial on the issue of liability on the plaintiff's decedent's cause of action to recover damages for breach of the confidentiality provision of a settlement agreement in the parties' matrimonial action, the defendant entered into an on-the-record stipulation admitting that she materially breached the confidentiality provision of the settlement agreement in the matrimonial action, and that she was responsible for $1,000,000 of the plaintiff's decedent's attorneys' fees. The action proceeded to trial on the issue of damages, and the jury found that the plaintiff's decedent suffered no damages from the breach of the confidentiality provision.
The plaintiff's decedent sought nominal damages of $1 on his breach of contract cause of action, as well as $1,255,428.75 in attorneys' fees, costs, and expenses, which included $1,000,000 pursuant to the terms of the stipulation. The attorneys for the plaintiff's decedent submitted invoices for services rendered.
By notice of motion dated October 19, 2016, the defendant moved to vacate the stipulation dated May 11, 2016, pursuant to CPLR 5015(a)(3), on the ground that the plaintiff's decedent's claim of reasonable and necessary attorneys' fees, costs, and expenses as of May 11, 2016, was "blatantly false." She argued that the fees demanded included fees incurred in other litigation between the parties that were unrelated to the breach of the confidentiality provision of the parties' settlement agreement.
In an order dated February 6, 2017, the Supreme Court denied the defendant's motion, [*2]on the ground that she failed to establish fraud or overreaching, and the overlapping fees and incorrect billing were not a sufficient basis for vacating the stipulation. The defendant appeals.
Stipulations of settlement, especially those whose terms are placed on the record in open court, are judicially favored, and absent a showing of fraud, overreaching, mistake, or duress, the stipulation should not be disturbed by the court (see Hymowitz v Hymowitz, 119 AD3d 736, 740). Here, the defendant failed to demonstrate any valid grounds to vacate the stipulation which she entered into in open court (see Daniel D. Cole & Co. v 630 Corp., 150 AD2d 328, 330).
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court