Dell Aquila v Rubio (2019 NY Slip Op 02677)





Dell Aquila v Rubio


2019 NY Slip Op 02677


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-05201
 (Index No. 33561/12)

[*1]Carmine Dell Aquila, respondent-appellant,
v
Thomas Rubio, administrator of the estate of Joseph O. Rubio, et al., appellants-respondents, et al., defendant.


Steven G. Legum, Mineola, NY (Gina Biasi of counsel), for appellants-respondents.
Westerman, Ball, Ederer, Miller, Zucker & Sharfstein, LLP, Uniondale, NY (Philip K. Campisi, Jr., and Greg S. Zucker of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover on promissory notes, the defendants Thomas Rubio, administrator of the estate of Joseph O. Rubio, and Smithtown Nissan, Inc., appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated May 2, 2016. The order, insofar as appealed from, denied that branch of the cross motion of the defendants Thomas Rubio, administrator of the estate of Joseph O. Rubio, and Smithtown Nissan, Inc., which was, in effect, to vacate a settlement agreement and for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied those branches of the plaintiff's motion which were to vacate a temporary restraining order dated October 26, 2012, and, thereupon, to direct the release of the shares of Joseph O. Rubio in Smithtown Nissan, Inc., to the plaintiff.
ORDERED that the order dated May 2, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated May 2, 2016, is reversed insofar as cross-appealed from, on the law, those branches of the plaintiff's motion which were to vacate the temporary restraining order dated October 26, 2012, and, thereupon, to direct the release of the shares of Joseph O. Rubio in Smithtown Nissan, Inc., to the plaintiff are granted, and a subsequent order of the same court dated November 21, 2016, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff agreed to lend Joseph O. Rubio (hereinafter the decedent) money for the operation of the decedent's car dealership, the defendant Smithtown Nissan, Inc. (hereinafter the dealership). The loans were reflected in certain promissory notes. The decedent pledged his shares in the dealership (hereinafter the subject shares) as collateral for the loans. After the decedent failed to repay the loans in accordance with the terms of the promissory notes, the plaintiff commenced this action against the decedent and the dealership, among others, to recover on the notes. The plaintiff and the decedent subsequently entered into a settlement agreement pursuant to which the decedent agreed to turn over the subject shares to the plaintiff. The decedent died after entering into the [*2]settlement agreement, while the action was still pending, and Thomas Rubio, the administrator of the decedent's estate, was substituted into the action.
After the substitution, the plaintiff moved, inter alia, to vacate a temporary restraining order dated October 26, 2012, which prevented the subject shares from being transferred to him, and, thereupon, to direct the release of the subject shares to him. The defendants Thomas Rubio and the dealership (hereinafter together the moving defendants), cross-moved, among other things, in effect, to vacate the settlement agreement and for summary judgment dismissing the complaint insofar as asserted against them.
In an order dated May 2, 2016, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were to vacate the temporary restraining order dated October 26, 2012, and, thereupon, to direct the release of the subject shares to him, and denied that branch of the moving defendants' cross motion which was, in effect, to vacate the settlement agreement and for summary judgment dismissing the complaint insofar as asserted against them. The moving defendants appeal and the plaintiff cross-appeals from that order.
Settlement agreements are judicially favored and, absent a showing of fraud, overreaching, mistake, or duress, should not be disturbed by a court (see Hymowitz v Hymowitz, 119 AD3d 736, 740). Here, the moving defendants failed to demonstrate a valid ground for vacating the settlement agreement (see Daniel D. Cole & Co. v 630 Corp., 150 AD2d 328, 330). Additionally, we agree with the Supreme Court's determination that the interest charged on the notes was not usurious (see General Obligations Law § 5-501; Penal Law § 190.40; Lloyd Capital Corp. v Pat Henchar, Inc., 80 NY2d 124). Accordingly, we agree with the denial of that branch of the moving defendants' cross motion which was, in effect, to vacate the settlement agreement and for summary judgment dismissing the complaint insofar as asserted against them.
Since the moving defendants failed to demonstrate a valid ground for vacating the settlement agreement, the plaintiff is entitled to the subject shares. Contrary to the moving defendants' contention, they failed to demonstrate that any other individual had any potential interest in the subject shares that would interfere with the plaintiff's right to them. Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the temporary restraining order dated October 26, 2012, and, thereupon, to direct the release of the subject shares to him.
The remaining contentions of the moving defendants are either without merit or academic in light of our determination.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.

2016-05201 DECISION & ORDER ON MOTION
Carmine Dell Aquila, respondent-appellant,
v Thomas Rubio, administrator of the estate of
Joseph O. Rubio, et al., appellants-respondents,
et al., defendant.
(Index No. 33561/12)

Motion by the respondent-appellant to enlarge the record on an appeal and cross appeal from an order of the Supreme Court, Suffolk County, dated May 2, 2016, to include an agreement entitled "option to purchase" dated March 4, 2013, and a decision of the Supreme Court, Suffolk County, dated July 15, 2015, or, in the alternative, for this Court to take judicial notice of the decision dated July 15, 2015. Cross motion by the appellants-respondents to strike stated portions of the respondent-appellant's answering brief and reply brief on the ground that they refer [*3]to matter dehors the record. By decision and order on motion of this Court dated July 21, 2017, the motion and the cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to enlarge the record to include an agreement entitled "option to purchase" dated March 4, 2013, and a decision of the Supreme Court, Suffolk County, dated July 15, 2015, is granted, and the motion is otherwise denied as academic; and it is further,
ORDERED that the cross motion is denied.
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court