Lizard O's, Inc. v Baha Lounge Corp. (2023 NY Slip Op 01745)

Lizard O's, Inc. v Baha Lounge Corp.

2023 NY Slip Op 01745

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 651734/19 Appeal No. 17598 Case No. 2022-04314 

[*1]Lizard O's, Inc. et al., Plaintiffs-Respondents,
v
Baha Lounge Corp. et al., Defendants-Appellants.

Law Offices of Andreas Vasilatos, PLLC, Brooklyn (Scott P. Benjamin of counsel), for appellants.
Law Office of Jason S. Matuskiewicz, P.C., Brooklyn (Jason S. Matuskiewicz of counsel), for respondents.

Order, Supreme Court, New York County (Nancy Bannon, J.), entered on or about April 13, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant summary judgment dismissing plaintiffs' 13th cause of action for attorneys' fees only, and otherwise affirmed, without costs.
This action involves a dispute between the two individual parties, plaintiff Ana Liz and defendant Juan Liz, formerly husband and wife, over their claimed interests in two restaurants, plaintiff Lizard O's, Inc. and defendant Baha Lounge Corp. The motion court correctly denied summary judgment dismissing the complaint given the material questions of fact that surround this matter, particularly as to Ana's claimed ownership interest in the businesses (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Plaintiffs failed to cite to any agreement, statute, or any other legal basis for an award of counsel fees. Accordingly, the motion court should have granted defendants' motion for summary judgment as to plaintiff's 13th cause of action seeking fees (see Sage Sys., Inc. v Liss, 39 NY3d 27, 29 [2022]).
Defendants failed to establish that Ana is barred from asserting an ownership interest in the businesses, which had liquor licenses, based on her prior felony conviction (see Alcoholic Beverage Control Law §§ 111, 126), as the statute is "`merely malum prohibitum'" and "`does not provide expressly that its violation will deprive the parties of their right to sue on the contract'" as alleged (Napolitano v Bounce 21, LLC, 212 AD3d 527, 528 [1st Dept 2023], quoting Lloyd Capital Corp. v Pat Henchar, Inc., 80 NY2d 124, 127 [1992]). Defendants' claim that Ana has "unclean hands" is particularly unpersuasive in light of defendant Juan's own felony conviction.
Defendants' contentions that Ana is estopped from asserting any ownership claims in Lizard O's due to her inconsistent prior statements to tax and liquor authorities, and because of the res judicata effect of the parties' Dominican Republic divorce judgment, are unavailing. Among other things, defendants have not established the legal effect of the divorce judgment and defendants themselves have made representations acknowledging that Ana does have an interest in Lizard O's, although the amount of that interest is disputed. In particular, defendants have alleged in support of their counterclaims that Ana has a 25% interest in Lizard O's, and Juan completed a tax return for Lizard O's in 2015 which designated Ana as an 85% owner and executed an affidavit claiming that he has a 60% interest in Lizard O's, which is consistent with Ana's claim to a 40% interest.
Contrary to defendants' argument, Ana's claim that Juan breached an agreement that she would receive a 40% share of Baha Lounge and its income, in exchange for her investment of $150,000, is sufficiently definite to support her breach [*2]of contract claim, as well as a claim for an accounting. Ana's claims for imposition of constructive trusts adequately allege a promise made to her (e.g. Sharp v Kosmalski, 40 NY2d 119, 121 [1976]), and the claims, in part, span a period of time in which the parties were married and therefore in a confidential relationship.
The breach of fiduciary duty claim is not, as defendants contend, duplicative of the breach of contract claim. The breach of contract claim arises from an alleged promise to Ana of a 40% interest in Baha Lounge, whereas the fiduciary duty claim arises from defendants' alleged looting and diversion of plaintiffs' money, income and investments in both businesses for Juan's own benefit.
Finally, defendants' contention that certain claims should have been dismissed because they are, in actuality, derivative claims being brought on behalf of Lizard O's and Ana did not comply with the pre-suit demand is unavailing given that the claims allege that Juan looted the company, so that demand would be futile (see Bansbach v Zinn, 1 NY3d 1, 9 [2003]; Business Corporation Law § 626[c]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023