| |
|---|
| **Shiller v Bensusan Rest. Corp.** |
| 2024 NY Slip Op 33814(U) |
| October 24, 2024 |
| Supreme Court, New York Counrty |
| Docket Number: Index No. 655943/2023 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MELISSA A. CRANE

*Justice*

PART            60M

----------------------------------------------------------------------------------X

ROCHELLE SHILLER, DAVID S. HARARI, ROCHELLE SHILLER, DAVID S. HARARI, ROCHELLE SHILLER,

Plaintiff,

- v -

BENSUSAN RESTAURANT CORP., DANNY BENSUSAN, STEVEN BENSUSAN, BLUE NOTE FESTIVALS LLC,BLUE NOTE INTERNATIONAL, INC.,BLUE NOTE MEDIA GROUP LLC,BLUE NOTE PRODUCTS LLC,BLUE NOTE ENTERTAINMENT GROUP LLC,BLUE NOTE ENTERTAINMENT GROUP LLC (DELAWARE), BLUE NOTE TOURS LLC,HALF NOTE PRODUCTIONS LLC,131 WEST 3RD STREET INC.,57 GROVE CORP, DOE CORPORATIONS 1-10

Defendant.

----------------------------------------------------------------------------------X

INDEX NO.          655943/2023

MOTION DATE        07/02/2024, N/A

MOTION SEQ. NO.    001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23, 25, 30

were read on this motion to/for                    DISMISS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 50

were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, it is

Motion 1 is moot have been withdrawn by stipulation [see EDOC 30]. The court grants in part and denies in part motion 2 to dismiss for the reasons stated on the record of 10/24/2024. Namely, the court sustains the first cause of action for breach of fiduciary duty against Steven, Danny and Bensusan. If it is true as alleged that Shabtai was a shareholder of the original corporation that evolved into a thriving business empire that he also had a share in as described in the 2002 written agreement [EDOC 39], then the overarching company, Bensusan, and Danny and Steven as officers and directors, would owe a fiduciary duty to Shabtai. Plaintiff

655943/2023  SHILLER, ROCHELLE ET AL vs. BENSUSAN RESTAURANT CORP. ET AL
Motion No. 001 002

Page 1 of 4

successfully pled a breach of that duty by the allegations that Shabtai and his heirs were not paid their share of the profits from the business enterprise. Breach of fiduciary duty is not duplicative of the breach of contract cause of action, because: (1) defendants vociferously challenge the existence of any agreement, but (2) if defendants are correct about the existence of an agreement, this does not preclude Shabtai from having some sort of beneficial ownership given that he allegedly put up the money that kicked off the business enterprise in 1981.

The court sustains the second cause of action for breach of contract for the reasons set forth on the record, but grants that part of the motion seeking to dismiss the breach of contract cause of action against Steven. It is undisputed that Steven never signed the 2002 Agreement.

The court denies that part of the motion to dismiss the third cause of action for a constructive trust against ALL defendants. First, as defendants Steven, Danny and Bensusan owed plaintiffs a fiduciary duty, they had a duty to hold Shabtai's share in trust and hand it over to him. This they did not do. Hence, a cause of action for constructive trust lies against these defendants.

As to the other defendant's, plaintiff alleges at paragraphs 75-79 of the complaint that Danny, Steven and Bensusan created new entities and then diverted business from the entities in which Shabtai had an alleged share to those new entities "as part of a scheme to deprive Shabtai of his 50% ownership interest in the Blue Note business generally and his one-third interest in International." [Compl. EDOC 26 at 79]. Diversion of profits to a new entity to avoid paying a plaintiff allows for a constructive trust over those assets in the company to which those assets were diverted (see *Fellner v. Morimoto*, 52 A.D.3d 352, 353 [1st Dep't 2008] [on motion to amend, court held "[r]egarding the cause of action for the imposition of a constructive trust, plaintiff sufficiently alleges that certain profits and business opportunities rightfully belonging to

655943/2023   SHILLER, ROCHELLE ET AL vs. BENSUSAN RESTAURANT CORP. ET AL
Motion No.  001 002

Page 2 of 4

2 of 4

[* 2]

Moridon and its members were improperly diverted to defendant and Morimoto, Inc., without consideration, thereby unjustly enriching defendant and Morimoto, Inc., an entity in which plaintiff has no interest"]; *see also Lizard O's v Baha Lounge Corp*, 214 AD3d 597, 599 [1st Dep't 2023 ["diversion of plaintiff's money" provided support for claim for breach of fiduciary duty and constructive trust"]; *Kraus USA, Inc. v. Magarik*, 2020 WL 2415670, at *10 n. 13 [SDNY May 12, 2020][denying motion to dismiss and stating "the remedy for a diversion of corporate opportunity is a constructive trust"]).

The third cause of action for an accounting against Danny, Steven, Bensusan and the Blue Note defendants is upheld as the court has upheld the cause of action for breach of fiduciary duty. Defendant on the record did not challenge plaintiff's right to an accounting from 131 West 3rd Street Inc and 57 Grove Corp (fourth cause of action), because Shabtai had an ownership interest in those entities.

However, the court dismissed the fifth cause of action for unjust enrichment as it duplicates other causes of action, in particular the cause of action for a constructive trust.

The court also dismissed the sixth cause of action for fraudulent misrepresentation against Danny and Steven. As explained on the record, plaintiff has failed to plead a misrepresentation of present fact. All plaintiff describes is a broken promise. That is not fraud. Accordingly, it is

ORDERED THAT the court dismisses the fifth, sixth and breach of contract claims against Steven and otherwise denies the motion; and it is further

ORDERED THAT defendants have 45 days from the efiled date of this decision and order to answer the amended complaint; and it is further

655943/2023  SHILLER, ROCHELLE ET AL vs. BENSUSAN RESTAURANT CORP. ET AL
Motion No. 001 002

Page 3 of 4

3 of 4

ORDERED THAT the parties shall apprize the court, by email, as to the prospect for

mediation within ten days from the e-filed date of this decision and order.

20241024132327MACRANE3387384C1B714B869564F75D0AAB0C28

**10/24/2024**
**DATE**

**MELISSA A. CRANE, J.S.C.**

| | | | | |
|---|---|---|---|---|
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**655943/2023  SHILLER, ROCHELLE ET AL vs. BENSUSAN RESTAURANT CORP. ET AL**
**Motion No.  001 002**

Page 4 of 4