Napolitano v Bounce 21, LLC
2026 NY Slip Op 03735
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Vincent Napolitano, etc., et al., Plaintiffs-Appellants,
v
Bounce 21, LLC, et al., Defendants-Respondents.

Decided and Entered: June 11, 2026
Index No. 657181/21|Appeal No. 6866|Case No. 2025-04542|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

Law Office of Jason S. Matuskiewicz, P.C., Brooklyn (Simon Q. Ramone of counsel), for appellants.
Alonso & Facher, P.C., New York (Mark J. Alonso of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about June 16, 2025, which granted defendants' motion for summary judgment dismissing plaintiff Vincent Napolitano's claims, unanimously reversed, on the law, with costs, the motion denied, and those claims reinstated.
The motion court improperly granted summary judgment to defendants based upon the doctrine of illegality. There was no evidence presented establishing that Napolitano was a member of Bounce 21, or participated in the day-to-day operations of the company, which included running a sports bar. Napolitano instead alleges that he served as a consultant to defendant Bounce 21, LLC pursuant to a Consulting Agreement. Under the agreement, Napolitano alleges he invested $125,000 and provided consulting and marketing services in exchange for 25% of defendant Eli Benvenisti's membership distributions.
As we previously held on a prior appeal where we affirmed the denial of defendants' CPLR 3211 motion to dismiss the complaint, defendants did not demonstrate that the alleged consulting agreement is void and unenforceable under the doctrine of illegality because the Alcoholic Beverage Control Law § 126(1) is "merely malum prohibitum" and "does not provide expressly that its violation will deprive the parties of their right to sue on the contract" (Napolitano v Bounce 21, LLC, 212 AD3d 527, 528 [1st Dept 2023]; see Lloyd Capital Corp. v Pat Henchar, Inc., 80 NY2d 124, 127 [1992]; Lizard O's, Inc. v Baha Lounge Corp., 214 AD3d 597, 598 [1st Dept 2023]). Contrary to defendants' argument, Napolitano's deposition testimony about his role did not render the agreement unenforceable under the doctrine of illegality. Even if Napolitano intended to be a silent partner, his deposition testimony did not establish that he participated in running the business or in selling alcohol. Nor does the agreement itself advance an illegal act or require an illegal act to be consummated (cf. Sirkin v Fourteenth St. Store, 124 AD 384, 394 [1st Dept 1908]). Thus, balancing the relative culpabilities of the parties, Napolitano has raised a triable issue of fact as to whether defendants owe him a legitimate debt (see Rosasco Creameries, Inc. v Cohen, 276 NY 274, 279-280 [1937]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026